JAMES E. KEENER, PRO SE
40485-D Murrieta Hot Springs Rd #402
Murrieta, CA 92563
Telephone:  (760) 275-2243
Email: jamesEkeener@yahoo.com

JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
Tel: (714) 852-6800
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

XIAOYI YAO (CA Bar No. 261290)
syao@jonesday.com
JONES DAY
3161 Michelson Dr #800
Irvine CA 92612
Tel: (949) 851-3939
Attorney for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. KEENER,<br><br>Plaintiff,<br><br>v.<br><br>HSBC MORTGAGE SERVICES, INC,<br>JPMORGAN CHASE BANK,<br>EQUIFAX INFORMATION<br>SERVICES, LLC, TRANSUNION,<br>LLC, and EXPERIAN<br>INFORMATION SOLUTIONS, INC,<br><br>Defendants. | Case No. 2:09-cv-06956-JHN-JEMx<br><br>**PARTIES' JOINT RULE 26(f)<br>REPORT**<br><br><br><br>Date:  May 24, 2010<br>Time:  9:00 a.m.<br>Dept:  790- Roybal<br>Judge: Jacqueline H. Nguyen |

---

**PARTIES' JOINT RULE 26(f) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26-1 of the Local Rules-Civil, on April 12, 2010, Plaintiff and counsels for Defendants met by telephone and discussed the matter required by said rules and this Court's March 24, 2010 Order Setting Scheduling Conference.   The meeting was attended by James E Keener, *pro se* Plaintiff, Xiaoyi Yao on behalf of Defendant Experian Information Solutions, Inc. ("Experian"), and S. Christopher Yoo on behalf of defendant Chase Bank, N.A., erroneously sued as JPMorgan Chase Bank ("Chase").

1. Statement of Case

**Plaintiff:**

Plaintiff contends in or about July 2007, he obtained copies of his consumer credit reports from Experian, Trans Union, and Equifax ("CRAs"). After finding several discrepancies related to accounts being reported by HSBC Mortgage Services ("HSBC") and Chase, Keener sent dispute letters to the CRAs requesting investigations into the discrepancies. The CRAs responded with inconsistent results of their investigations; i.e. the same accounts were listed simultaneously as "Paid-Closed", "Open", and "Charge-off."

In or about January 2009, Keener attempted to purchase a home. During the home-buying process, Keener's mortgage broker obtained copies of Keener's consumer credit reports from the CRAs. After finding additional discrepancies and inconsistencies related to the HSBC and Chase accounts, Keener again sent letters to the CRAs disputing the information and requesting an investigation. The CRAs responded with inconsistent results of their investigations. In particular, Chase reported two foreclosure dates on a single property. As a result of the inconsistent and inaccurate information being reported by Experian and Chase, Keener was denied a mortgage and had to "fallout" of escrow. Keener soon thereafter filed suit.

Even after filing the Complaint, Experian and Chase continued to make changes to the reporting of the HSBC and Chase accounts on Keener's consumer

2

1   credit report. To date, Chase and Experian have even changed the Chase entity
2   reporting the account, i.e. from "Chase Manhattan Mortgage" to simply "Chase."

3       Keener contends Experian failed to maintain and follow reasonable
4   procedures to assure maximum possible accuracy of the information when it
5   prepared and issued Keener's consumer reports on several occasions. Further,
6   Keener contends Experian failed to conduct reasonable investigations into Keener's
7   disputes after receiving notice from Keener.

8       Keener contends Chase failed to conduct reasonable investigations into
9   Keener's disputes after receiving notice from the CRAs and from Keener. Because
10  both Chase and Experian had access to the complete and accurate information and
11  chose to ignore it and simply "parrot" information which gave rise to the dispute,
12  combined with the repeated requests from Keener to correct the erroneous
13  information, Keener contends Chase's and Experian's actions and/or omissions were
14  willful.

15

16  **Experian:**

17      As discovery has yet to commence, Experian cannot provide this Court with a
18  complete factual background of the case as it relates specifically to Plaintiff. Upon
19  information and belief, Experian accurately reported credit information pertaining to
20  Plaintiff. Further, Experian properly investigated Plaintiff's disputes as required by
21  the Fair Credit Reporting Act (FCRA), updated the information as appropriate, and
22  timely reported the results of those investigations to Plaintiff. At all relevant times,
23  Experian maintained and followed reasonable procedures to avoid violations of the
24  FCRA and assure maximum possible accuracy of the information concerning
25  Plaintiff in preparing consumer reports related to Plaintiff. Experian accepted
26  information regarding Plaintiff from reliable sources. Experian may reasonably rely
27  upon the creditor, the party actually responsible for the reinvestigation under 15
28  USC § 1681 s-2(b). Experian has not acted with malice, negligent, willful or

3

1   reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the
2   rights of Plaintiff, and Experian has fully complied with the FCRA. Experian will
3   also show that any alleged damage suffered by Plaintiff was not caused by Experian.

4   In addition, at this time, Experian does not have knowledge or possession of
5   facts or documents controlled by Plaintiff. Therefore, this statement is based on the
6   facts known by Experian at this time. Experian makes this statement without
7   waiving any defense and reserves the right to supplement this statement as the facts
8   are developed.

9

10   **Chase:**

11   The gravamen of Plaintiff's First Amended Complaint surrounds purported
12   mistakes and discrepancies in Plaintiff's credit report. It is Plaintiff's contention
13   that Chase "negligently" and  "willfully" violated the Fair Credit Reporting Act
14   ("FCRA"), 15 U.S.C § 1681s-2(b) in regards to the transactions regarding the real
15   property located at 73246 Don Budge Lane, Palm Desert, California 92260
16   ("Subject Property"). As discovery has yet to commence, Chase cannot provide this
17   Court with a complete factual background of the case as it relates specifically to
18   Plaintiff. However, because none of the recorded title documents in connection with
19   the Subject Property and transaction indicate that Chase was involved with the
20   foreclosure of the Subject Property Further, the foreclosure was commenced by
21   Loanstar Mortgagees Services LLC, and the Subject Property was purchased by
22   Western Venture Corp. In light of Chase's lack of involvement, it is puzzling as to
23   why Chase is named in this action. Regardless, if Chase is indeed involved in any
24   way, upon information and belief, Chase accurately reported credit information
25   pertaining to Plaintiff. Further, Chase properly investigated Plaintiff's disputes as
26   required by the Fair Credit Reporting Act (FCRA), updated the information as
27   appropriate, and timely reported the results of those investigations to Plaintiff. At
     all relevant times, Chase maintained and followed reasonable procedures to avoid

4

violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Chase has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Chase has fully complied with the FCRA.  Chase will also show that any alleged damage suffered by Plaintiff was not caused by Chase.

   2. <u>Subject Matter Jurisdiction</u>

**Plaintiff:**

Keener's complaint is for violation of Fair and Accurate Credit Transactions Act ("FACTA"), codified at 15 USC § 1681 *et seq*. As such, it presents a Federal question. Further, venue is proper since Keener resides in this jurisdiction.

**Experian:**

Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681 *et seq*.

**Chase:**

Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681 *et seq*.

   3. <u>Legal Issues</u>

**Plaintiff:**

Primarily, the legal issues are:

    a) Whether or not Experian is a "consumer reporting agency" as defined in FACTA;

    b) Whether or not Chase is a "furnisher of information" as defined in FACTA;

    c) Whether or not Keener is a "consumer" as defined in FACTA;

    d) Whether or not Experian received notice(s) of dispute from Keener;

    e) Whether or not Experian notified Chase and HSBC of Keener's dispute(s);

f) Whether or not Experian conducted a reasonable investigation into Keener's disputes;

g) Whether or not Experian documented the "disputed" status of the HSBC and Chase accounts on Keener's consumer report;

h) Whether or not Experian maintained and followed reasonable procedures to assure maximum possible accuracy of the information when it prepared Keener's consumer report on several occasions;

i) Whether or not Chase conducted a reasonable investigation into Keener's dispute(s) after receiving notice from CRAs;

j) Which Chase entity is responsible for the reporting of the Chase account;

k) Whether or not the violations were willful.

**Experian:**

The principal issue in this case is whether Experian's accurate reporting of credit information, as it was reported to Experian by creditors, and Experian's reasonable procedures for reporting and reinvestigating credit information comply with the FCRA.

**Chase:**

Issues to be considered include whether Chase negligently and willfully failed to comply with the requirements of the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C § 1681s-2(b), specifically whether Chase accurately reported Plaintiff's information to the credit reporting agencies, and whether Chase complied with its duty to investigate Plaintiff's complaint.

4. Parties, Evidence, etc

**Plaintiff:**

The remaining parties are Plaintiff, James E. Keener, and defendants Experian and Chase. However, plaintiff anticipates having to join/dismiss additional Chase

6

entities after discovery is initiated. It is unclear which of several potential Chase entities is responsible for the reporting of the account in dispute.

Defendant- Chase

**Experian:**

Experian does not anticipate to add any additional parties.

**Chase:**

Chase does not anticipate adding any additional parties.

5. Damages

**Plaintiff:**

Plaintiff has calculated actual damages in the range of $25,000-$50,000.00, and punitive damages in the range of $150,000.00-$250,000.00.

**Experian:**

Experian does not allege any damages at this time but reserves the right to do so. Further, Experian denies liability to Plaintiff for any damages.

**Chase:**

Chase does not allege any damages at this time but reserves the right to do so. Further, Chase denies liability to Plaintiff for any damages.

6. Insurance

**Experian:**

Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

**Chase:**

No insurance is applicable.

7. Motions

---

**PARTIES' JOINT RULE 26(f) REPORT**

**Plaintiff:**

Plaintiff is likely to file a motion to add additional "Chase" entities after initiating the discovery process. It is unclear at this time which entity is responsible for the reporting of the Chase account. Motions to Compel Discovery are also anticipated.

**Experian:**

Experian plans to file motions for summary judgment and/or motions for summary adjudication.

**Chase:**

Experian plans to file motions for summary judgment or in the alternative, partial summary judgment.

8. Manual for Complex Litigation

Parties agree this case does not qualify as Complex Litigation.

9. Status of Discovery

Parties are in the process of exchanging informal discovery and anticipate beginning formal discovery promptly.

Experian has made its initial disclosure in accordance with Rule 26(a).

10. Discovery Plan

**Plaintiff:**

Plaintiff intends to serve interrogatories, requests for admission, and requests for production. Plaintiff does not anticipate conducting depositions. Because the "Chase" entity responsible for reporting the disputed mortgage account is still in contention, plaintiff intends to conduct discovery primarily with Experian.

8

Due to the intricacies of the operations of Experian and Chase, plaintiff requests the limits imposed on the number of interrogatories be amended to allow plaintiff to propound fifty (50) interrogatories on the parties.

**Experian:**

Experian intends to serve interrogatories, requests for admission and requests for production, and conduct deposition of Plaintiff.

As Plaintiff has asserted in the Complaint a long list of allegations concerning multiple transactions and a number of reports, Experian requests the limits imposed on the number of interrogatories be amended to allow Experian to propound fifty (50) interrogatories on the parties.

**Chase:**

Chase intends to serve interrogatories, requests for admission, and requests for production. Chase does anticipate conducting the deposition of Plaintiff.

11. Discovery Cut-Off

Parties agree to a Discovery Cut-Off date of November 1, 2010.

12. Expert Discovery

**Plaintiff:**

Plaintiff does not anticipate presenting Expert testimony/evidence at this time, but reserves the right to do so if it deems necessary after the facts are developed.

**Experian:**

Experian does not anticipate presenting Expert testimony/evidence at this time, but reserves the right to do so if it deems necessary after the facts are developed.

**Chase:**

**PARTIES' JOINT RULE 26(f) REPORT**

1    Chase does not anticipate presenting Expert testimony/evidence at this time,

2    but reserves the right to do so if it deems necessary after the facts are developed.

3

4    13. Dispositive Motions

5    **Plaintiff:**

6    Plaintiff plans to file motions for summary judgment and/or motions for

7    summary adjudication.

8

9    **Experian:**

10   Experian plans to file motions for summary judgment and/or motions for

11   summary adjudication.

12

13   **Chase:**

14   Chase plans to file motions for summary judgment and/or motions for

15   summary adjudication.

16   14. Settlement

17   **Settlement Discussions.**  Plaintiff and Defendant Experian have engaged in

18   settlement talks but have not reached resolution. Plaintiff and Chase have not

19   engaged in settlement discussion.

20   **Settlement Mechanism.**   Counsel will prepare and file ADR-01 by the

21   scheduling conference date.  Counsel plan to recommend that the Court approve the

22   settlement procedure permitting the parties to appear before the magistrate judge

23   assigned to the case for settlement proceedings.

24

25   15. Trial Estimate

26   Estimated length of trial: 4 days.

27

28   16. Trial Counsel

10

**Plaintiff:**

Should this matter proceed to trial, Plaintiff will substitute in trial counsel.

**Experian:**

Xiaoyi Yao is counsel for Experian.  Experian reserves the right to substitute and/or add additional counsels if the matter proceeds to trial.

**Chase:**

S. Christopher Yoo is counsel for Chase.  Chase reserves the right to substitute and/or add additional counsels if the matter proceeds to trial.

17. Independent Expert of Master

    **Plaintiff:**

    Plaintiff does not anticipate the need for court appointed expert or master. The computation of damages is not scientific or complex.

    **Experian:**

    Experian does not anticipate the need for court appointed expert or master at this time.

    **Chase:**

    Chase does not anticipate the need for court appointed expert or master at this time.

18. Timetable

    See attached

19. Other Issues

    **Plaintiff:**

11

1       Plaintiff requests the court conduct separate trials pursuant to FRCP 42
2   related to (1) Liability (negligent and/or willful non-compliance), and (2) Damages.
3   Plaintiff has not identified any additional issues at this time.

4   **Experian:**

5       Experian reserves the right to request bifurcation of trial on the issue of
6   punitive damages.

7   **Chase:**

8       Chase reserves the right to request bifurcation of trial on the issue of punitive
9   damages.

10

11

12   Dated: May ___, 2010             _____

13                                 JAMES E. KEENER, Pro Se

14   Dated: May 17, 2010              JONES DAY

15

16

17                                 _____

18                                 By: Xiaoyi Yao
                              Attorney for Defendant,

19                                 EXPERIAN INFORMATION SOLUTIONS, INC.

20

21

22   Dated: May 16, 2010              ADORNO YOSS ALVARADO & SMITH

23

24

25                                 _____

26                                 By: S. Christopher Yoo
                              Attorney for Defendant,

27                                 JPMORGAN CHASE BANK, N.A.
                              erroneously sued as JP MORGAN CHASE BANK

28

12

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: KEENER V. HSBC ET AL

CASE NO: 2:09-CV-06956-JHN-JEM

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length **4** days) (Tuesday) | 9:00 am | | | | |
| For Court Trial<br>Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | | | |
| Pretrial Conference, LR 16;<br>Hearing on Motions in Limine | 10:30 am | 4 | | | |
| For Jury Trial<br>Lodge Pretrial Conference Order, LR 16-7;<br>File Agreed Set of Jury Instructions and Verdict Forms;<br>File Statement Regarding Disputed Instructions, Verdicts, etc.;<br>File Oppositions to Motions in Limine | | 6 | | | |
| For Jury Trial<br>File Memo of Contentions of Fact and Law, LR 16-4;<br>Exhibit & Witness Lists, LR 16-5,6;<br>File Status Report Regarding Settlement;<br>File Motions in Limine | | 7 | | | |
| Last date to conduct Settlement Conf., LR 16-15 | | 12 | | | |
| Last day for **hearing** motions, LR 7 | | 14 | | | |
| Non-expert Discovery Cut-off | | | 11\01\10 | 11\01\10 | |
| Expert Disclosure (initial) | | | | | |
| Expert Disclosure (rebuttal) | | | | | |
| Expert Discovery Cut-off | | | 11\01\10 | 11\01\10 | |
| Last Date to Amend Pleadings or Add Parties | | | 11\01\10 | 11\01\10 | |
| | | | | | |

LR 16-15 Settlement Choice: ☐ 1. USMJ (not available for cases in ADR Pilot Program)     ☐ 3. Outside ADR

☐ 2. Attorney Settlement Panel

Exhibit A

8

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

*Keener v.HSBC Mortgage Services, Inc., et al.*

USDC Case No.: 09-cv-06956 JHN (JEMx)

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On May 17, 2010, I served the foregoing document described as **PARTIES' JOINT RULE 26(f) REPORT** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707.  The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on May 17, 2010, at Santa Ana, California.

MICHELLE E AULT

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1097914.1

# SERVICE LIST

*Keener v. HSBC Mortgage Services, Inc., et al.*
USDC Case No.: 09-cv-06956 JHN (JEMx)

James E. Keener
40485-D Murrieta Hot Springs Road #402
Murrieta, CA 92563

Telephone: (760) 275-2243

**Plaintiff in Pro Per**

**Xiaoyi Yao**
**Jones Day**
**3161 Michelson Drive**
**Irvine, CA 92612**

**949-851-3939**
**Fax: 949-553-7539**
**Email: syao@jonesday.com**

**Attorney for Defendant, Experian Information Solutions Inc.**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1097914.1