UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. KEENER, ) | Case No. 2:09-CV-06956-JHN (JEMx) |
| ) | |
| Plaintiff, ) | **DISCOVERY ORDER** |
| ) | |
| v. ) | |
| ) | **Discovery Cutoff:** September 30, 2010 |
| HSBC MORTGAGE SERVICES, INC., ) | **Pretrial Conference**: November 15, 2010 |
| JP MORGAN CHASE BANK, EQUIFAX ) | **Trial**: December 14, 2010 |
| INFORMATION SERVICES, LLC, ) | |
| TRANSUNION, LLC, and EXPERIAN ) | |
| INFORMATION SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

Plaintiff James E. Keener has brought suit against HSBC Mortgage Services, Inc. ("HSBC"), JP Morgan Chase Bank ("Chase"), Equifax Information Services, LLC, Transunion, LLC and Experian Information Solutions, Inc. ("Experian") for inaccurate reporting of credit information in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Keener alleges negligent and willful noncompliance with the FCRA for failing to maintain reasonable procedures to ensure maximum possible accuracy of credit information and by failing to conduct a reasonable investigation of Plaintiff's dispute.

1    Before the Court is Keener's motion to compel Experian to provide further responses

2    to Interrogatory Nos. 3, 4, 9, 10, 12, 13, and 20.  Experian responded to these

3    interrogatories by producing business records purporting to contain the answer to those

4    interrogatories, pursuant to Fed. R. Civ. Pro. 33(d).  This election spawned much confusion

5    here.

6    Rule 33(d) provides that, "if the answer to an interrogatory may be determined" from

7    a compilation of business records, "the responding party may answer by: (1) specifying the

8    records that must be reviewed, in sufficient detail to enable the interrogating party to locate

9    and identify them as readily as the responding party could."  This method of response is

10   permissible "if the burden of deriving or ascertaining the answer will be substantially the

11   same for either party."

12   Answers to interrogatories are obviously not the same as responses to requests for

13   production of documents.  A verified response that states "There are no responsive

14   documents" is a sufficient response to a request for production of documents.  The same

15   response may not be sufficient when answering an interrogatory by producing documents

16   pursuant to Rule 33(d).  Interrogatories must be answered "fully."  Rule 33(b)(3); Trane Co.

17   v. Klutznick, 87 F.R.D. 473, 476 (D. Wis. 1980) (party must give "full and complete

18   answers").  Rule 33 (b)(1)(B) requires that, if a responding party is a corporation,

19   interrogatories "must be answered . . . by any officer or agent, who must furnish the

20   information available to the party."  (Emphasis added.)  Courts have held that a corporation

21   is "duty bound" to furnish all information available to it, including information within the

22   personal knowledge of current employees and former officers.  Wyle v. R. J. Reynolds

23   Industries, Inc., 709 F.2d 585, 590 esp. fn. 3 (9th Cir. 1983); General Dynamics Corp. v.

24   Selh Mfg. Co., 481 F.2d 1204, 1210-1212 (8th Cir. 1973).  Thus, even though there may be

25   no documents from which the answer to an interrogatory may be derived, a responding

26   corporate party nonetheless must provide narrative responses based on officer/employer

27   knowledge available to it, obtained after a reasonable investigation, if such information

28   exists.  Govas v. Chalmers, 965 F.2d 298, 302 (7th Cir. 1992) (cannot use documents to

1   avoid furnishing a responsive interrogatory answer where the answer cannot be ascertained

2   from business records); Trane, 87 F.R.D. at 476 (affirmative duty to search out all

3   information under control of corporation; cannot evade answering because of agent's own

4   lack of personal knowledge).  Numerous courts have found Rule 33(d) document responses

5   to interrogatories inadequate, often for failing to identify where in the documents the answer

6   may be found.  Cambridge Electronics Corp. v. MGA Electronics, Inc., 227 F.R.D. 313, 322-

7   23 (C.D. Cal. 2004).

8        Applying these legal principles, the Court makes the following rulings on the disputed

9   interrogatories:

10        Interrogatory No. 3

11        This interrogatory requests Experian to identify every communication with Plaintiff

12   since January 1, 2005.  Experian responded by producing documents Bates labeled 0001-

13   0043, stating that "the information responsive to this Interrogatory" may be derived from

14   those documents.  Experian, however, agreed to supplement its responses by providing

15   copies of communications regarding four matters.  Experian subsequently supplemented its

16   response by producing documents 0064-0108.

17        Plaintiff asserts the documents are not responsive and requests an order compelling

18   Experian to state that no investigation was conducted or in the alternative to state that no

19   documentation of the investigation exists.  Experian contends that it has produced "all

20   business records from which the answer to this interrogatory can be determined."

21        Experian is not required to state it conducted no investigation or that no

22   documentation of an investigation exists.  Interrogatory No. 3 asks only for an identification

23   of all communications with Plaintiff, not an identification of all investigations.  Experian

24   claims it has produced all business records from which the answer to Interrogatory No. 3

25   can be determined.

26        Experian's verified response and verified supplemental response, however, are

27   inadequate as stated.  Experian must provide the answer to Interrogatory No. 3.  Experian

28   never explicitly states that the answer to this interrogatory is contained in the documents

produced.  Its initial response indicated that "the information responsive to this
Interrogatory" is contained in the documents.  Experian may mean that the information
contains the answer, but that is unclear and would not be true in any event because
Experian agreed to supplement.  Experian's supplemental response does not make any
statement at all that the documents produced provide the answer to the interrogatory.  Also,
Experian's statement that it has produced all records from which the answer can be
determined appears in a brief, not in its verified responses.  Experian is directed within 20
days to file a verified supplemental response that the answer to Interrogatory No. 3 can be
determined from the documents produced, if that is the case.  In this context, "answer"
means "every communication with Plaintiff" (emphasis added) and includes copies of all
communications regarding the four matters covered by Experian's agreement to
supplement.  The verified supplemental response shall so state.

Plaintiff never says that there were any oral communications with Experian.  The
Court assumes that all communications were in writing and that Experian has produced
copies of every written communication with Plaintiff.  If so, then Experian's documents are a
sufficient response to this interrogatory, once an appropriate verified supplemental response
is provided, as directed above.

Interrogatory No. 4

This interrogatory requests Experian to "describe," for each item of disputed credit
information, "the nature of the dispute, the account in dispute, and what Experian did to
reinvestigate that information and identify the employee(s) who conducted the
reinvestigation."  Experian responded with documents 0001-0043, again indicating that the
information responsive to the interrogatory is contained in the produced documents.
Experian, however, agreed to supplement its responses to provide details of its
investigations into disputes regarding HSBC and Chase accounts, including the names of its
employees who conducted the investigations.  Experian subsequently produced additional
documents (0082-0088)  and named three dispute agents identified in the documents who
"may have" reviewed Plaintiff's dispute letters.

Plaintiff again seeks a statement either that Experian conducted no investigation or that no documents of an investigation exist.  Plaintiff also challenges the "may have" language used by Experian in identifying its employees who reviewed Plaintiff's dispute letters.

Plaintiff's position has merit.  This interrogatory asks for a description of the information dispute, what reinvestigation was done and the identity of the employees who conducted the reinvestigation.  Experian agreed to provide supplemental responses that would contain the details of its investigations, including people contacted and documents obtained during the investigations, and any documents provided to the furnisher of disputed information.

Documents that do not provide the answer to this interrogatory and the agreed matters are an inadequate interrogatory response, as are documents that provide only a partial response.  Experian may rely solely on documents only if they "fully" answer the interrogatory.  Rule 33(b)(3).  If there is other information in the possession and knowledge of Experian employees that is not contained in the documents, Experian must provide a narrative response in addition to any produced documents.  Experian has a duty to provide all  information "available" to it.  Rule 33(b)(1)(B).  The Court is unclear if documents alone are likely to be adequate to provide a complete answer to each of the interrogatory subparts or to the matters covered by the parties' agreement, and Experian's responses do not state that they are.  Again, Experian's statements in its brief are insufficient; Experian is ordered to provide a verified supplemental response to this interrogatory within 20 days stating unequivocally that the answer to the interrogatory subparts and agreed matters is contained in the produced documents, adding narrative description of other information available to Experian not contained in the documents if such information exists.  The Court also is unclear whether Experian has provided all documents responsive to the matters covered by the parties' agreement; if not, it should do so.  Either way, Experian should state in its supplemental response that it has provided a complete answer to the agreed matters.

Additionally, in this instance Experian should state whether or not it conducted investigations, as this interrogatory and the agreed matters specifically seek this information.  Plaintiff is entitled to an answer, not an inference.

Finally, "may have" is insufficient to identify its employees who conducted the investigations/reinvestigations.  These are Experian's own employees.  Experian makes clear it relied only on documents to answer this interrogatory, without contacting those employees or conducting any investigation.  Experian is ordered to provide a verified supplemental response containing all information under its control regarding the employees who conducted the investigations/reinvestigations.  The answering agent need not have personal knowledge.  Shepherd v. American Broadcasting Companies, Inc., 62 F.3d 1469, 1482-83 (D.C. Cir. 1995); U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 650 (C.D. Cal. 2007).  The agent is required, in all of its supplemental responses, to verify that all information available to Experian has been furnished and that each interrogatory has been answered "fully."  Id.

Interrogatory No. 9

This interrogatory asks Experian to describe the dispute code for each of Plaintiff's disputes.  Experian's initial response was to provide documents 0001-0043.  Experian subsequently agreed to provide supplemental responses as to three information disputes. The Court did not find any supplemental response to this interrogatory.

In its brief, Experian states that it has produced all documents from which the answer to this interrogatory may be determined.  Again, however, Experian must provide a verified supplemental response in 20 days so stating.  Experian's brief does not address the matters covered by the parties' agreement.  If the documents already produced also cover those areas, Experian should so state.

Interrogatory No. 10

This interrogatory asks Experian how much time an agent has to determine the appropriate dispute code.  Experian initially objected to this interrogatory but subsequently filed a supplemental response producing Experian's training documents labeled 0109-0662.

1  Experian does not state in its supplemental response that the answer to this interrogatory

2  may be derived from the documents.  Experian asserts in its brief that there is no time limit

3  for determining the correct code.  Experian is ordered to file a verified supplemental

4  response in 20 days so stating.

5       Experian reasonably interpreted this interrogatory as limited to time limits imposed or

6  required by Experian.  Plaintiff seeks information on how the time spent by an employee in

7  determining the appropriate code affects his or her bonus pay.  This request is outside the

8  scope of this interrogatory and the parties' agreement.

9  <u>Interrogatory Nos. 12-13</u>

10       These interrogatories seek a complete audit trail for Experian's file on Plaintiff

11  regarding Chase and HSBC.  Experian initially objected to this interrogatory but later

12  supplemented its response by producing documents 0663-0667.  Experian did not state that

13  the answer to this interrogatory could be found in those documents.  In its brief, Experian

14  states that it has produced multiple documents responsive to these interrogatories, including

15  Administrative Reports, Disclosure Logs and Dispute/Response Logs, although the

16  supplemental response indicates that only four pages of documents were produced.

17       Experian is ordered to provide a verified supplemental response within 20 days that

18  the answer to these interrogatories may be derived from the documents produced, listing all

19  of those documents unless they already are all contained within 0663-0667, which does not

20  seem likely.

21  <u>Interrogatory No. 20</u>

22       This interrogatory requests Experian to "state the factual and legal bases for

23  Experian's affirmative defenses."  Experian's initial response was that an answer to this

24  Interrogatory would be premature.  Experian subsequently agreed to answer this

25  interrogatory but has not done so.  Experian is ordered to file a verified supplemental

26  response within 20 days "fully" answering this interrogatory.

27

28

Postscript

Experian will be bound by the answers contained in its supplemental responses hereby ordered.  It will not be able to offer evidence or legal theories not disclosed in those responses on summary judgment or at trial.  Cambridge Electronics, 227 F.R.D. at 320-21.


DATED: October 4, 2010                              /s/ John E. McDermott
                                            JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE