Angela M. Taylor (SBN 210425)
angelataylor@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorney for Defendant
Experian Information Solutions, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAMES E. KEENER,

Plaintiff,

v.

HSBC MORTGAGE SERVICES, INC, JPMORGAN CHASE BANK, EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC,

Defendants.

Case No. CV 09-6956-FMC(JEMx)

DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**PROPOUNDING PARTY:** **James E. Keener, Plaintiff**

**RESPONDING PARTY:** **Experian Information Solutions, Inc.**

**SET:** **One**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Court's Discovery Order dated October 4, 2010, Defendant Experian Information Solutions, Inc., ("Experian"), hereby provides its second supplemental responses to the following Interrogatories:

**REQUESTS AND RESPONSES**

**INTERROGATORY NO. 3:**

Identify each communication that Experian has had with Plaintiff since January 1, 2005.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

In addition to its previous responses, Experian states that pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory is contained in the documents it has produced in this action. The bates ranges of the documents that provide the answer to this Interrogatory are 0001 – 0043, 0064 – 0108, 0663 – 0667, and 0741 – 0763.

The names and identification numbers of the employees involved with Plaintiff's communications with Experian are as follows:

FO708897: Fernando Opazo, NCAC Agent, Santiago, Chile

RG708884: Rodrigo Gonzalez, NCAC Agent, Santiago, Chile

SZ708043: Sandra Zumaeta, NCAC Agent, Santiago, Chile

AA708946: Andres Aravena, NCAC Agent, Santiago, Chile

RG706957: Rochelle Gordon, NCAC Agent, Allen, TX.

BA705442: Brenda Anderson, NCAC Agent, Allen, TX.

DH020568: Debra Hall, NCAC Agent, Allen, TX.

The above-referenced employee identification numbers are contained in bates ranges 0663 – 0667, and provide the corresponding identification of the Experian employees who communicated with, or received communications from Plaintiff, as provided in bates ranges 0663 – 0667.

**INTERROGATORY NO. 4:**

Separately with respect to each item of information that Plaintiff disputed since January 1, 2005, describe the nature of the dispute, the account in dispute, and what Experian did to reinvestigate that information and identify the employee(s) who conducted the reinvestigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff disputed by mail in a letter to Experian dated June 27, 2007. The Dispute Agent who reviewed this dispute letter was Brenda Anderson, NCAC Agent, Allen, TX. Plaintiff disputed a Federal Tax Lien, an account with US Bank Home Mortgage, partial account number 5156xxxxxxxx, and an account with HSBC/MS, partial account number 1001xxxx. Plaintiff disputed each of these credit items on the grounds that he believed that they contained inaccurate information. In response, Experian sent Consumer Dispute Verification forms to each of these furnishers. In response, each furnisher verified the information as accurate. Plaintiff also disputed a Federal Tax lien as a duplicate item in this letter. In response, Experian deleted the item according to Plaintiff's request. Experian sent Plaintiff the results of the reinvestigation on July 31, 2007.

Plaintiff disputed by mail in a letter to Experian dated February 16, 2009. The Dispute Agent who reviewed this letter was Andres Aravena, NCAC Agent, Santiago, Chile. Plaintiff disputed an account with Chase Mtg, partial account number 1890xxxxx. Plaintiff disputed this account on the grounds that he believed that Experian reported inaccurate information. Because the account number Plaintiff identified in his dispute of the Chase account was different from the account number in Experian's file, according to its procedures, Experian could not externally process Plaintiff's dispute, and appropriately notified Plaintiff of such in a disclosure dated March 2, 2009.

Plaintiff disputed by mail in a letter to Experian dated February 18, 2009. The Dispute Agent who reviewed this letter was Rochelle Gordon, NCAC Agent,

Allen, TX. Plaintiff disputed an account with Capital One, partial account number 5178xxxxxxxxxxxx. Experian sent a Consumer Dispute Verification to the furnisher of this information as part of its reinvestigation. In response, Capital One instructed Experian to update the information. Experian updated the information according to the furnisher's instructions, and sent Plaintiff the results of the investigation on February 28, 2009.

Plaintiff disputed by mail in a letter to Experian dated February 18, 2009. The Dispute Agent who reviewed this letter was Sandra Zumaeta, NCAC Agent, Santiago, Chile. Plaintiff disputed an account with US Bank Home Mortgage, partial account number 5156xxxxxxxx.. Because Plaintiff did not provide any new information in his dispute of the US Bank Home Mortgage account, Experian identified Plaintiff's letter as a repeat dispute, and notified Plaintiff accordingly in notice to Plaintiff dated March 2, 2009.

Plaintiff disputed by mail in a letter to Experian dated August 31, 2009. The Dispute Agent who reviewed this letter was Rodrigo Gonzales, NCAC Agent, Santiago, Chile. Plaintiff disputed an account with HSBC/MS, partial account number 1001xxxx. Because Plaintiff did not provide any new information in his dispute of the HSBC/MS account, Experian identified Plaintiff's letter as a repeat dispute, and notified Plaintiff accordingly in notice to Plaintiff dated September 2, 2009.

Plaintiff sent a dispute by mail in a letter to Experian dated August 31, 2009. The Dispute Agent who reviewed this letter was Fernando Opazo, NCAC Agent, Santiago, Chile. Plaintiff disputed the date of resolution of a Federal Tax lien. Experian updated the date of resolution according to Plaintiff's request. Experian communicated the results of the investigation to Plaintiff on September 7, 2009.

**INTERROGATORY NO. 9:**

Describe the e-OSCAR/ADVC (*Sic.*) dispute code(s) Experian reduced each of plaintiff's disputes to since January 1, 2005.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

In addition to its previous responses, Experian states that pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory is contained the documents it has produced in this action. The bates ranges of the documents that provide the answer to this Interrogatory are 0004, 0480 – 0662, and 0665 – 0667, and 0682 – 0743.

**INTERROGATORY NO. 10:**

Describe how much time an Experian employee or agent has to determine which dispute code best describes a consumers' [*Sic.*] dispute when entering the dispute onto a CDV.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

In addition to its previous responses, Experian states its employees do not have a time limit for determining a particular dispute code when entering information regarding a consumer's dispute onto a CDV.

**INTERROGATORY NO. 12:**

Provide a complete Audit Trail for Experian's file on Plaintiff since January 1, 2005 related to Chase.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

In addition to its previous responses, Experian states that pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory is contained the documents it has produced in this action. The bates ranges of the documents that provide the answer to this Interrogatory are 0001 – 0043, 0064 – 0108, 0663 – 0667, and 0741 – 0786.

**INTERROGATORY NO. 13:**

Provide a complete Audit Trail for Experian's file on Plaintiff since January 1, 2005 related to HSBC.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

In addition to its previous responses, Experian states that pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory is contained the documents it has produced in this action. The bates ranges of the documents that provide the answer to this Interrogatory are 0001 – 0043, 0064 – 0108, 0663 – 0667, and 0741 – 0786.

**INTERROGATORY NO. 20:**

State the factual and legal bases for Experian's affirmative defenses.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

In addition to its previous responses, Experian responds as follows:

First Affirmative Defense: Failure to State Cause of Action

Experian's defense of failure to state a claim is valid if, accepting as true Plaintiff's material allegations in Plaintiff's First Amended Complaint and construing them in the light most favorable to Plaintiff, no relief could be granted to Experian under any set of facts that could be proved consistent with the allegations. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989). As the pleadings are not "facts" there is no specific factual basis other than Plaintiff's allegations in his Complaint.

Second Affirmative Defense: Truth/Accuracy of Information

Withdrawn. Plaintiff has not asserted a common law libel claim in this action. However, to the extent Plaintiff seeks to amend his Complaint to include such a claim, Experian reserves the right to assert a truth defense *See Eisenberg v. Alameda Newspapers,* 74 Cal.App.4th 1359, 1382 (1999).

Third Affirmative Defense: Failure to Mitigate Damages

To establish a failure to mitigate, Experian must show that 1) Plaintiff failed to use reasonable efforts to mitigate damages; and 2) the amount by which damages would have been mitigated. 9th Cir. Model Civil Jury Instructions, 5.3.

Plaintiff took no efforts whatsoever to mitigate any damages he incurred in this case. Furthermore, Plaintiff could have eliminated all of his damages had he paid his debts.

<u>Fourth Affirmative Defense: Contributory/Comparative Fault</u>

To prove comparative fault, Experian must establish that 1) plaintiff or a third party was at fault; and 2) the fault of Plaintiff or another party was a substantial factor in causing Plaintiff's harm. CACI 406; *Li v. Yellow Cab Co.*, 13 Cal.3d 804 (1975). The accurate derogatory items reporting in Plaintiff's credit history were substantial factors in causing Plaintiff harm.

<u>Fifth Affirmative Defense: Laches</u>

Withdrawn. Plaintiff does not seek equitable relief.

<u>Sixth Affirmative Defense: Estoppel</u>

Withdrawn. Plaintiff does not seek equitable relief.

<u>Seventh Affirmative Defense: Waiver</u>

Withdrawn. Plaintiff does not seek equitable relief.

<u>Eighth Affirmative Defense: Independent Intervening Cause</u>

If Experian proves that it was not the defendant or party that caused Plaintiff's harm, then Experian cannot be liable for Plaintiff's harm. CACI 434. Experian was not the party who caused Plaintiff any harm, as it merely collected the information reported to it by others. Moreover, the myriad of accurate derogatory items reflecting in Plaintiff's credit history constitute an intervening cause for all of the damages he alleges to have sustained in this action.

<u>Ninth Affirmative Defense: Other Defenses Incorporated by Reference</u>

Withdrawn. Experian has determined it will adopt any affirmative defenses asserted by any co-defendant in this action, except to the extent they are coterminous with Experian's own affirmative defenses.

<u>Tenth Affirmative Defense: Improper Request for Punitive Damages</u>

Withdrawn. Plaintiff bears the burden of proving that Experian willfully violated the FCRA, and Experian does not bear the affirmative burden of production that it did not willfully violate the FRCA. *See* 15 U.S.C. § 1681n (punitive damages only available for "willful" violations); *Safeco Insurance Co. of America v. Burr,* 127 S. Ct. 2201, 2209 (2007) (requiring that a plaintiff show a "reckless disregard of a statutory duty" to demonstrate a "willfulness" under the FCRA).

<u>Eleventh Affirmative Defense: Statute of Limitations</u>

15 U.S.C. § 1681p provides that liability under the FCRA runs from the earlier of two years of the date of discovery of the alleged violation, or five years from the date that such violation occurs.

Here, Plaintiff's claims against Experian are barred to the extent they fall outside of the applicable two year limitations period.

Dated: October 22, 2010

Respectfully submitted,

/s/ Angela M. Taylor

Angela M. Taylor
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 553-7545
Facsimile: (949) 553-7539

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**VERIFICATION**

I, Kimberly Hughes, declare:

I am a Specialist in the Consumer Affairs Special Services Division of Experian Information Solutions, Inc ("Experian"). Pursuant to my duties as a Specialist, I am familiar with the matters that are the subject of the present litigation. I have been authorized to make this verification on Experian's behalf.

I have read the foregoing Second Supplemental Responses to Plaintiff's First Set of Interrogatories and have knowledge of the contents thereof. I am informed and believe, and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Executed on October 22, 2010, in Allen, Texas.

Kimberly Hughes

**PROOF OF SERVICE**

I, Angela M. Taylor, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. On **October 22, 2010**, I served a copy of the within document(s):

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

**James S. Keener**
40485 D Murrieta Hot Springs Road 402
Murrieta, CA 92563
760-275-2243
*(Plaintiff)*
PRO SE

☐ by placing the document(s) listed above in a sealed UPS Overnight envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a UPS Overnight agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐ by electronically filing with the Clerk of the Court using the CM/ECF system to transmit to the following person(s) listed below:

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the

ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **October 22, 2010**, at Irvine, California.

/s/ *Angela M. Taylor*
Angela M. Taylor